**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH M. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-02403 (UNA) |
| | ) | |
| | ) | |
| TIMOTHY J. SHEA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2, and *pro se* civil complaint, ECF No. 1. Plaintiff's IFP application is granted and, for the reasons discussed below, this case is dismissed without prejudice.

Plaintiff is currently civilly committed while awaiting a finding that he is competent to stand trial, as he is facing felony charges brought against him in the Superior Court of the District of Columbia. *See United States v. Evans*, No. 2020 CF1 001935 (D.C. Super. Ct. filed 2/12/2020).[1] In the instant matter, he declares his innocence, states that he is indeed competent to stand trial, alleges that he has been improperly detained, and he challenges the validity of the evidence giving rise to his charges.

As a general rule, applicable here, this court lacks jurisdiction to interfere with the proceedings or review decisions made by the D.C. Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

---

[1] A court may take judicial notice of the docket and facts on the public record in other judicial proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

To that same end, this court cannot hear claims or issues related to ongoing state criminal proceedings, given "the fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46. (1971); *see Dist. Prop. Assoc. v. Dist. of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[B]ased on principles of equity . . . the doctrine *of Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."); *see also* 28 U.S.C. § 2244(d)(1)(a), (d)(2).

Accordingly, the court dismisses the complaint, ECF No. 1, and this matter, without prejudice. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 28, 2026